IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 19, 2001

## DONALD RAY PANNELL v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Marshall County**
**No. 14297     Charles Lee, Judge**

---

**No. M2001-00675-CCA-R3-PC - Filed October 24, 2001**

---

The Appellant, Donald Ray Pannell, appeals from the dismissal of his petition for post-conviction relief. Pannell was convicted by a Marshall County jury of burglary, burglary of an automobile, and theft. He was sentenced as a Career Offender to eighteen years in the Department of Correction. On appeal, Pannell argues: (1) that the trial judge erred in not recusing himself from presiding over the case, and (2) that he received ineffective assistance of counsel. After review, we affirm the judgment of the post-conviction court dismissing the petition.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P. J. and JERRY L. SMITH, J., joined.

Hershell D. Koger, Pulaski, Tennessee, for the Appellant, Donald Ray Pannell.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; John H. Bledsoe, Assistant Attorney General; William Michael McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On January 28, 1999, the Appellant was convicted of burglary, auto burglary, and theft. The Appellant was sentenced as a Career Offender to an effective eighteen (18) year sentence. His sentence was affirmed on direct appeal. *See* State v. Donald Ray Pannell, No. M1999-00178-CCAR3CD (Tenn. Crim. App. at Nashville, Dec. 15, 1999), *perm. to appeal denied* (Tenn. 2000).

On July 28, 2000, the Appellant filed a *pro se* petition for post-conviction relief. After the appointment of counsel, the petition was amended on September 14, 2000. An evidentiary hearing was conducted on February 12, 2001. Thereafter, the post-conviction court dismissed the petition, and this appeal followed.

## ANALYSIS

In order to succeed on a post-conviction claim, the Appellant bears the burden of showing by clear and convincing evidence, the allegations set forth in his petition. Tenn. Code Ann. § 40-30-210(f) (1997). When this court undertakes review of a lower court's decision on a petition for post-conviction relief, the lower court's findings of fact are given the weight of a jury verdict and are conclusive on appeal absent a finding that the evidence preponderated against the judgment. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). This court may not reweigh or re-evaluate the evidence or substitute its inferences for those drawn by the post-conviction court. Id. Further, questions concerning the credibility of a witness and the weight to be given their testimony are for resolution by the post-conviction court. Id.

### A. Recusal of the Trial Judge

The Appellant, in his brief, argues that the trial judge erred in not recusing himself from presiding over the case because the victim in each of the three indicted offenses was the trial judge's former step-daughter. In the amended petition for post-conviction relief, the Appellant states his argument in constitutional terms; he "was denied his [d]ue [p]rocess rights and right to a fair trial due to the (prior) relationship between the [trial judge] and the victim, . . . that prior relationship being step-father/step-daughter." On January 20, 1999, during pre-trial motions, the following transpired:

> THE COURT: Well, I have not looked at the indictments but the State thinks that one of the alleged victims in the indictments may have at one time been a relative by marriage to me but is no longer a relative by marriage.
> But I do not know that to be the case because I -- if it is I didn't remember it.
>
> MR. DEARING: I will speak to Mr. Pannell.
>
> THE COURT: The Clerk tells me that that is the case.
> In one of the indictments the alleged victim would be a former step-daughter. I was once married to her mother some eight years ago. I have maintained little, if any, contact with the alleged victim, so much so that I didn't even know that she had been an alleged victim in a crime and I have not seen nor spoken with her about these events nor any other events at any length I would say in five to six years.
> However, I do feel that that should be made part of the record of these proceedings so that counsel would be aware of that.

MR. DEARING: Mr. Pannell is sitting here saying he doesn't have a problem with you sitting as presiding judge in this case.

THE COURT: All right.[1]

The Appellant contends that the trial judge should have recused himself in accordance with Canon 2A of Rule 10 of the Rules of the Supreme Court, which states, "[a] judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Tenn. Sup. Ct. R. 2A. However, we find the Appellant's argument more appropriately framed by Canon 3E(1), which reads,

A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:

> (a) the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (b) the judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge has been a material witness concerning it;
>
> (c) the judge knows that he or she, individually or as a fiduciary, or the judge's spouse, parent, or child wherever residing, or any other member of the judge's family residing in the judge's household, has an economic interest in the subject matter in controversy or in a party to the proceeding or has any other more than a de minis interest that could be substantially affected by the proceeding;
>
> (d) the judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

---

[1]At the post-conviction hearing, the Appellant claimed that he believed Brandee Holt, the victim and former step-daughter, of the trial judge, to be simply someone the judge knew. In his brief, he alleges, "prior to trial, [he] did not have the understanding that the prior relationship between the [trial judge] and the victim was that of step-father, step-daughter, albeit several years removed." He further asserts that had he been "aware of the nature of the prior relationship, he would have insisted on having a different judge preside over the case." However, the post-conviction court found the Appellant was adequately informed of the relationship. This court is not permitted to reweigh or re-evaluate the evidence or substitute its inferences for those drawn by the post-conviction court. Black, 794 S.W.2d at 755.

The trial judge further determined that even if a motion to recuse had been made, he would not have recused himself. If the trial judge had declined to recuse himself after a motion to recuse was made, the issue would be the same, *i.e.*, did the judge err by not recusing himself from presiding over the Appellant's case.

(i) is a party to the proceeding, or an officer, director or trustee of a party;
(ii) is acting as a lawyer in the proceeding;
(iii) is known by the judge to have a more than de minimis interest that could be substantially affected by the proceeding;
(iv) is to the judge's knowledge likely to be a material witness in the proceeding. Tenn. Sup. Ct. R. 3E(1).

A trial judge should recuse himself whenever he has any doubt as to his ability to preside impartially in a criminal case or whenever his impartiality can reasonably be questioned. State v. Hines, 919 S.W.2d 573, 578 (Tenn. 1995) (citations omitted); State v. Cash, 867 S.W.2d 741, 749 (Tenn. Crim. App. 1993). This is an objective standard. Alley v. State, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994). "Thus, while a trial judge should grant a recusal whenever the judge has any doubts about his or her ability to preside impartially, recusal is also warranted when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." Alley, 882 S.W.2d at 820 (citations omitted). Generally, the trial judge retains discretion over his recusal. State v. Smith, 906 S.W.2d 6, 11 (Tenn. Crim. App. 1995). Unless the evidence in the record indicates that the trial judge clearly abused his discretion by not disqualifying himself, this court will not interfere with his decision. Caruthers v. State, 814 S.W.2d 64, 67 (Tenn. Crim. App. 1991).

In the present case, the judge was not *per se* disqualified by any of the specific sections of Canon3E(1). The plain language of this Canon provides, however, that disqualification is not limited to the enumerated circumstances of Sections 3E(1)(a),(b),(c), and (d). "Under this rule, a judge is disqualified whenever the judge's impartiality might reasonably be questioned, regardless whether any of the specific rules in Section 3E(1) apply." Tenn. Sup. Ct. R. 10, Canon 3E, Commentary. The issue, therefore, becomes, could the trial judge's impartiality reasonably be questioned by the step-parent/step-child relationship that previously existed between the trial judge and the victim.

Because we find under the facts presented that the trial judge's impartiality might have reasonably been questioned, given the former relationship of step-parent/step-child, we, therefore, conclude that recusal was obligatory. The facts are sparse concerning the parental relationship, including its duration. Contained in an Affidavit in Support of Petition for Post-Conviction Relief, the victim, Brandee Holt, was said to have "lived under the same roof with her step-father and mother since she was a young child." No other evidence or factual disclosure was offered to counter this proof. Based upon the affidavit, this familial relationship appears to have lasted a number of years. Although the trial judge had not maintained contact with the victim, the familial nature of the former relationship is not changed. Moreover, we are constrained to observe that termination of the marital relationship does not necessarily result in termination of the step-parent/step-child relationship. "Presiding over cases that involve a relative is improper and diminishes public confidence in the judiciary." Jeffrey M. Shaman et al., Judicial Conduct and Ethics § 14.11 (2nd ed.

1995). *See also* <u>Wells v. Walter</u>, 501 S.W.2d 259 (Ky. 1973) (judge disqualified under general language of Canon 3E where judge was married to first cousin of husband in divorce action, a relationship of the fourth degree of relationship); Public Reprimand of Judge Price (Tex. Comm'n of Judicial Conduct, Oct. 2, 1979) (improper for a judge to preside over a case involving his step-father-in-law). "Every litigant is entitled to the cold neutrality of an impartial judge and should be able to feel that his cause has been tried by a judge who is wholly free, disinterested, impartial and independent." <u>Wells</u>, 501 S.W.2d 259, 290; *see also* <u>Leighton v. Henderson</u>, 414 S.W.2d 419, 421 (Tenn. 1967). By this ruling, we do not hold that <u>every</u> former step-parent/step-child relationship requires disqualification; however, it is difficult to perceive of any scenario in which this relationship would not require disqualification. The obligation of disclosing all of the relevant facts pertaining to disqualification rests with the judge. <u>See</u> Tenn. Sup. Ct. R. 10, Canon 3E, Commentary.

Nevertheless, the Appellant remitted disqualification. Canon 3F of Rule 10 of the Rules of the Supreme Court, in pertinent part states,

> A judge disqualified by the terms of Section 3E may disclose on the record the basis of the judge's disqualification and may ask the parties and their lawyers to consider, out of the presence of the judge, whether to waive disqualification. If following disclosure of any basis for disqualification other than personal bias or prejudice concerning a party, the parties and lawyers, without participation by the judge, all agree that the judge should not be disqualified, and the judge is then willing to participate, the judge may participate in the proceeding. Tenn. Sup. Ct. R. 10, Canon 3F.

As previously discussed the trial judge was disqualified pursuant to Canon 3E(1); however, the trial judge, during pre-trial motions, disclosed the basis for his disqualification, and the Appellant chose to waive disqualification. Therefore, we find that it was not error for the trial judge to preside over the Appellant's case.

## B. Ineffective Assistance of Counsel

The Appellant contends that he was denied the effective assistance of counsel. Three general areas of ineffectiveness are alleged:[2] (1) that trial counsel failed to investigate his case thoroughly;

---

[2] We glean these areas of ineffectiveness from the Appellant's brief, the amended petition, and the original petition for post-conviction relief, since these areas are not apparent from the Appellant's brief without reference to the other documents. In his brief, the issue is framed, "did [the] Appellant receive ineffective assistance of counsel." The "Tennessee Rules of Appellate Procedure do not contemplate that an [A]ppellant may submit one blanket issue as to the correctness of a judgment and thereby open the door to argument upon various issues which might affect the correctness of the judgment." <u>State v. Lewis</u>, No. 2 (Tenn. Crim. App. at Jackson, Dec. 23, 1987), *perm. to appeal denied*, (Tenn. 1988) (Jones, J. concurring) (quoting <u>Lesson v. Chernau</u>, 734 S.W.2d 634, 637 (Tenn. App.), *cert. denied* (Tenn. 1987)). Rule 27(a) of the Tennessee Rules of Appellate Procedure requires the brief of the Appellant to contain, under appropriate headings, the "issues presented for review; . . . a statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record; and an argument . . . setting forth the contentions

(continued...)

(2) that trial counsel failed to adequately prepare for trial; and (3) that trial counsel failed to advise the Appellant of his sentencing status if he was convicted after a jury trial.

To succeed in a challenge for ineffective assistance of counsel, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Under Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d)); Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997)). However, *conclusions of law* are reviewed under a purely *de novo* standard, with no presumption of correctness. Fields, 40 S.W.3d at 458. Applying the foregoing principles, this court must determine whether the evidence preponderates against the post-conviction court's finding that the Appellant received the effective assistance of counsel. Henley, 960 S.W.2d at 580.

First, the Appellant contends that trial counsel was ineffective for failing to investigate his case thoroughly. Specifically, the Appellant contends that

> [trial counsel] failed to interview, pre-trial, Deborah Pannell. Deborah Pannell would have advised [trial counsel] that Ricky Gunnell was involved in the offenses and that during the time the underlying offenses occurred Sheila Hyle was at Deborah Pannell's home along with [the Appellant]. . . . [Trial counsel] failed to interview Sheila Hyle. . . . [Trial counsel] failed to interview Ricky Gunnell regarding the offenses, who was identified by [the Appellant] as the guilty party. . . . [Further, trial counsel] failed to interview Brandee Holt pre-trial. Had [trial counsel] interviewed Ms. Holt he would have become aware of the fact that there was a relationship between [the trial judge] and Ms. Holt (the victim in this case), and would have been able to timely request [the trial judge] recuse himself from the case. . . .

Deborah Pannell and Sheila Hyle testified at the post-conviction hearing. Deborah Pannell also testified at trial. The post-conviction court determined that the testimony of these two witnesses, had they been contacted, would not have changed the result of the jury's verdict. The Appellant also asserts that trial counsel should have interviewed Ricky Gunnell. The post-conviction court determined that further investigation by trial counsel was unnecessary, as it would have been of no consequence because the Appellant's confessions supported the verdict. The Appellant has provided no evidence which preponderates against the judgment of the post-conviction court.

---

[2](...continued)
of the [A]ppellant with respect to the issues presented, and the reasons therefor. . . ." Tenn. R. App. P. 27(a)(4),(6),(7).

Finally, the Appellant states that trial counsel should have interviewed Brandee Holt prior to trial because trial counsel would have become aware of the relationship between the trial judge and Ms. Holt, the victim of the burglary. However, this assertion is without merit because the information was known prior to trial as the relationship was disclosed during pre-trial motions.

Second, the Appellant argues that trial counsel failed to adequately prepare for trial. Specifically, the Appellant points to the fact that trial counsel spent a total of thirty minutes with him preparing for trial, and that trial counsel failed to meet with the Appellant or return his phone calls to discuss defense strategy. The post-conviction court found these allegations of deficient performance were not supported by the proof. Moreover, the court found that no prejudice was established since the Appellant had confessed on at least two previous occasions and the State was "able to connect the [Appellant] with some of [the] stolen property." The Appellant has not shown that the evidence preponderates against these findings.

Third, the Appellant contends that trial counsel failed to advise the Appellant of his sentencing status if he was convicted after a jury trial. The State made an offer of twelve (12) years to be served at 60 %. The Appellant was sentenced as a Career Offender to eighteen (18) years at 60 %. He argues that had trial counsel advised him of his status as a Career Offender, he would have accepted the offer rather than proceeding with the jury trial. At the post-conviction hearing, trial counsel testified that he explained to the Appellant the consequences of proceeding with a jury trial. The post-conviction court, crediting trial counsel's testimony, found that the offer was communicated to the Appellant, and that the Appellant's decision to proceed with trial was freely, voluntarily, and intelligently made. There is nothing before us that preponderates against the post-conviction court's findings. Therefore, we conclude that the Appellant was not denied effective assistance of counsel.

## CONCLUSION

For the foregoing reasons, we find that the issue of recusal was rendered moot based upon the Appellant's remittal of disqualification of the trial judge. We further find that the ineffectiveness issues raised by the Appellant are without merit. Accordingly, the judgment of the post-conviction court dismissing the petition is affirmed.

_____

DAVID G. HAYES, JUDGE