IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 1, 2002 at Jackson

## PATRICK WINGATE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Bedford County**
**No. 8745     Charles Lee, Judge**

---

**No. M2001-02785-CCA-OT-PC - Filed December 31, 2002**

---

Patrick Wingate appeals the Bedford County Circuit Court's summary dismissal of his petition for post-conviction relief. He is serving sentences of life and 25 years in the Department of Correction as a result of his 1998 convictions of first-degree murder and arson. This court affirmed the convictions. *See State v. Patrick Wingate*, No. M1999-00624-CCA-R3-CD (Tenn. Crim. App., Nashville, May 25, 2000), *perm. app. denied* (Tenn. 2000). Wingate's post-conviction petition challenged (1) the effectiveness of his trial counsel's assistance and (2) the sufficiency of the convicting evidence. On April 30, 2001, the post-conviction court entered an order dismissing the petition on grounds that it contained mere conclusions of law and bare, unsupported factual allegations. Because we agree that the post-conviction petition was properly dismissed, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and ALAN E. GLENN, JJ., joined.

James Patrick Wingate, *pro se*.

Paul G. Summers, Attorney General & Reporter; Kim R. Helper, Assistant Attorney General; William Michael McCown, District Attorney General; and Robert G. Crigler and Ann L. Filer, Assistant District Attorneys General, for the Appellee, State of Tennessee.

### OPINION

The petitioner was convicted of the 1997 Bedford County murder of Steve Pugh. *Patrick Wingate*, slip op. at 1-2. The victim died of blunt force trauma to the head, but he had been set afire before succumbing to the lethal head injury. *Id.*, slip op. at 2. The police suspected three persons employed by the victim, Jeff Gibbs, Jimmy Baker, and the petitioner. *Id.* Prior to the murder, Gibbs and Baker left the petitioner and the victim alone in the victim's shop. *Id.*, slip op. at 3. Baker, Gibbs, and the petitioner left together but not before Baker looked through a shop window and saw the victim lying on the floor. *Id.* A half hour later, the victim's body was found

aflame on the floor of his shop.  *Id.*, slip op. at 2.  Baker eventually informed the authorities that the petitioner admitted hitting the victim in the head and that the petitioner later burned the trousers he had been wearing on the afternoon of the murder.  *Id.*, slip op. at 3.  Baker also informed the police that, on the day following the murder, the petitioner produced checks imprinted with the victim's account information, which the petitioner forged in favor of himself and Baker.  *Id.*, slip op. at 4.

The jury convicted the petitioner of premeditated first-degree murder, first-degree felony murder, and arson.  *Id.*, slip op. at 5.  This court found the evidence of premeditation insufficient but affirmed the conviction of felony murder.  *Id.*, slip op. at 7-10.

This court also affirmed the trial court's refusal to grant a mistrial, sought by the petitioner following the testimony of Baker.  *Id.*, slip op. at 13.  Baker testified for the state that he was scared when he saw the victim lying on the floor, and on cross-examination, the petitioner's counsel asked Baker whether he was scared because "there may have been some foul play of some sort." *Id.*, slip op. at 10.  Baker replied that he was scared "because [the defendant had] done killed one man and that shook me up."  *Id.*  Counsel objected and moved for a mistrial.  *Id.*  The trial court overruled the objection and the motion and instructed the jury that Baker's response "concerning the defendant having killed another is inaccurate[,] . . . that the statement is not true under the law."  *Id.*, n.11.  In affirming the trial court's actions, this court determined that "Baker's statement was not so unduly prejudicial so as to warrant a mistrial."  *Id.*, slip op. at 12.

In the petitioner's timely, *pro se* petition for post-conviction relief, he complained that his trial counsel essentially blundered into eliciting Baker's testimony about the petitioner killing another man because counsel inadequately investigated the case and failed to interview the petitioner about the facts of the case.  In the body of the petition, the petitioner claimed that Baker's testimony on cross-examination damaged the petitioner's credibility.  A copy of this court's opinion in *Patrick Wingate*, setting forth the facts summarized above, was incorporated into the petition.

The post-conviction court dismissed the *pro se* petition without appointing counsel and without holding a hearing.  The court found that "the petition contains only bare allegations that a constitutional right has been violated and mere conclusions of law.  Further, [the] petition fails to state a factual basis for grounds alleged."

Pursuant to the Post-Conviction Procedure Act, the trial court is to preliminarily consider the petition to ensure that it presents

> a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.  Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition.  If, however, the petition was filed pro se, the judge may enter an order stating that the

> petitioner must file an amended petition that complies with this
> section within fifteen (15) days or the petition will be dismissed.

Tenn. Code Ann. § 40-30-206(d) (1997); *see Pewitt v. State,*1 S.W.3d 674, 675 (Tenn. Crim. App. 1999).

By adequately stating grounds for relief, a petitioner is required to express a "colorable claim." *See* R. Tenn. Sup. Ct. 28, § 2(H). A colorable claim is one "that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." *Id.* Furthermore, a petitioner must rebut the presumption that claims have either been waived or previously determined. Tenn. Code Ann. § 40-30-204(e) (1997). An issue has been previously determined "if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." *Id.* § 40-30-206(h).

> If the facts alleged, taken as true, fail to show that the petitioner is
> entitled to relief or fail to show that the claims for relief have not
> been waived or previously determined, the petition shall be
> dismissed. The order of dismissal shall set forth the court's
> conclusions of law.

*Id.* § 40-30-206(f); *see Harris v. State*, 996 S.W.2d 840, 841 (Tenn. Crim. App. 1999).

Our supreme court has previously held that

> a pro se petition under the Act is "held to less stringent standards than
> formal pleadings drafted by lawyers, and the test is whether it appears
> beyond doubt that the [petitioner] can prove no set of facts in support
> of his claim which would entitle him to relief." Furthermore, when
> a colorable claim is presented in a pro se petition, dismissal without
> appointment of counsel to draft a competent petition is rarely proper.
> If the availability of relief cannot be conclusively determined from a
> pro se petition and the accompanying records, the petitioner must be
> given the aid of counsel.

*Swanson v. State*, 749 S.W.2d 731, 734 (Tenn.1988) (citations omitted).

First, we address the petitioner's post-conviction claim that the evidence insufficiently supports his felony-murder conviction. Because sufficiency of the evidence was raised and adjudicated on direct appeal, we conclude that this claim in the post-conviction petition has been previously determined. As such, the claim was properly dismissed. *See* Tenn. Code Ann. § 40-30-206(f) (1997); *Harris*, 996 S.W.2d at 841.

Next, we address the petitioner's post-conviction claim that his trial counsel failed to adequately prepare to prevent the jury from hearing the claim that the petitioner had killed another person. *See generally Harris.*

To merit relief from a conviction or sentence, an ineffective assistance of counsel claimant must establish two components: (1) that counsel's performance was professionally deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

The petition includes a copy of our opinion in *Patrick Wingate*, in which we held that the trial court did not abuse its discretion in denying the petitioner an order of mistrial because "Baker's statement was not so unduly prejudicial as to warrant a mistrial." *Patrick Wingate*, slip op. at 12. Given this holding, we are at a loss to understand how the petitioner can establish the prejudice prong of *Strickland*; in effect, the prejudice issue has been "previously determined" by this court on direct appeal. *See* Tenn. Code Ann. § 40-30-206(h) (1997).

We recognize that, in *Patrick Wingate*, this court applied a different standard of review of the denial of a mistrial than we would apply when reviewing the denial of post-conviction relief. *Compare State v. Hall*, 976 S.W. 2d 121, 147 (1998) (trial court's decision to overrule a motion for mistrial reviewed on appeal for abuse of discretion) *with, e.g., Pannell v. State*, 71 S.W. 3d 720, 723, 727 (Tenn. Crim. App. 2001) (on appeal, lower court's factual findings on a petition for post-conviction relief are given the weight of a jury verdict and are conclusive absent a finding that the evidence preponderated against the judgment); *see also Fields v. State*, 40 S.W. 3d 450, 458 (Tenn. 2001) (issues of counsel's deficient performance and possible prejudice are mixed questions of law and fact that are reviewed *de novo*). Nevertheless, this court has determined that, under all the circumstances, including admonitory instructions given to the trial jury, Baker's statement did not justify a mistrial because the petitioner was not unduly prejudiced. In our view, this conclusion precludes a court from determining that the petitioner was prejudiced by trial counsel's failure to avert the misstep in Baker's cross-examination.

Accordingly, we affirm the lower court's judgment.

_____
JAMES CURWOOD WITT, JR., JUDGE

-4-