IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE

# JEANIE HOLSCLAW v. IVY HALL NURSING HOME, INC.

**Circuit Court for Carter County**
**No. C12784**
_____

**No. E2016-02178-SC-T10B-CV – Filed September 19, 2017**
_____


ROGER A. PAGE, J., dissenting:


I maintain that the Court of Appeals properly concluded that recusal was necessary in this case. While I adhere to the position expressed by both the appellate court's majority and concurring opinions that "[n]othing in the record on appeal leads this Court to believe that the trial judge holds a prejudice or bias against any party or that the trial judge cannot remain impartial despite this communication," *Holsclaw v. Ivy Hall Nursing Home, Inc.*, No. E2016-02178-COA-T10B-CV, 2016 WL 7364901, at *8 (Tenn. Ct. App. Dec. 19, 2016), *perm. app. granted* (Tenn. Feb. 17, 2017), I nonetheless perceive an appearance of impropriety that is expressly disfavored by the Canons of Judicial Conduct, *see* Tenn. Sup. Ct. R. 10, Canon 1.2 ("A judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety."). Therefore, I respectfully disagree with the decision of the majority of this Court that recusal is unnecessary.

In the trial court, the defendant filed a motion for the plaintiff to be examined by a certified rehabilitation counselor ("CRC") pursuant to Rule 35.01 of the Tennessee Rules of Civil Procedure. In it, the defendant "asserted that a CRC would be able to 'testify about the availability of alternative job opportunities in a particular labor market[.]'" In opposition, the plaintiff argued "that a CRC could not testify as to the 'availability of alternative job opportunities in the particular labor market[.]'" The trial court then telephoned Dr. Wayne Mulkey, the director of the rehabilitation counselor program at the University of Tennessee.[1] At the next motions hearing in this case, the trial court stated as follows:

---

[1] The majority succinctly summarized the procedural posture of the case at the time the ex parte communication occurred and correctly quoted the trial court's explanation of the telephone call.

He just kind of filled me in on what the program, the certification is, what these guys do and don't do, you know, enough for me to at least conclude that this is the type of certification for a person that I might let testify as an expert.

So I understand that what this person might or might not be able to testify to is also going to be limited by what their background, education, and so forth is.

The defendant subsequently filed a motion to recuse, stating that "[b]efore trial, the [c]ourt will have to decide the admissibility of Ivy Hall's expert's testimony and, during trial, the [c]ourt will have to rule upon objections related to the subject matter." The defendant also submitted that "[t]he [c]ourt ha[d] acquired information from an extra-judicial source that is not available to the parties and [could] not be subjected to scrutiny in the adversarial process." As such, argued the defendant, the trial court should have recused itself because "(a) the court did not constrain itself to consideration of the facts presented by the parties; (b) the court conducted an independent investigation; and (c) the [c]ourt acquired knowledge from an extrajudicial source." Indeed, the qualifications of a CRC and his/her expertise on the issue of alternative job opportunities in the appellee's labor market were issues of disputed fact between the parties.[2]

The Tennessee Code of Judicial Conduct states that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned[.]" Tenn. Sup. Ct. R. 10, Canon 2.11(A). This Court reviews a trial judge's decision on a motion to recuse *de novo* with no presumption of correctness. Tenn. Sup. Ct. R. 10B, § 2.06.

Regardless of her motive, the trial judge undertook an independent investigation of disputed facts by telephoning the director of the program at the University of Tennessee and inquiring about credentials of CRCs, contrary to the Code of Judicial Conduct. *Id.* at Canon 2.9(C) ("A judge shall not investigate facts in a matter independently[] and shall consider only the evidence presented and any facts that may properly be judicially noticed."). The majority acknowledges that the trial judge's actions constituted *ex parte* communications and an independent investigation. This is exacerbated by the fact that

---

[2] The majority relies on the definition of "personal knowledge" in deciding that the trial judge's actions were permissible. *See* Tenn. Sup. Ct. R. 10, Canon 2.11(A)(1) (noting a violation of the canon when "[t]he judge has . . . *personal knowledge* of facts that are in dispute in the proceeding" (emphasis added)). While I agree with the majority's thorough explanation of the term "personal knowledge," I nonetheless maintain that the scenario in this case creates an appearance of impropriety.

the conversation was held off the record, and the parties did not know the full content of exactly what was said. As noted by Judge Dinkins' concurring opinion, by engaging in *ex parte* communications with the professor "without the knowledge or consent of the parties, the court was not only denied the opportunity to create a record of the purpose for the call prior to it being made, but the parties were denied the opportunity to preserve an objection." *Holsclaw*, 2016 WL 7364901, at *9 (Dinkins, J., concurring).

I agree with the majority that the record is devoid of any evidence of actual partiality on the part of the trial judge. However, I disagree with the majority opinion's conclusion that the trial judge's actions did not create an *appearance* of impropriety. As noted by the Court of Appeals' majority, "'because perception is also important, a party does not have to prove actual bias or prejudice' in order to seek a judge's recusal." *Holsclaw*, 2016 WL 7364901, at *8 (quoting *Wilson v. Wilson*, 987 S.W.2d 555, 562 (Tenn. Ct. App. 1998)); *see also Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564-65 (Tenn. 2001) (noting that recusal is appropriate "when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality" because "the appearance of bias is as injurious to the integrity of the judicial system as actual bias" (citation and internal quotation marks omitted)); *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998) (stating that "the preservation of the public's confidence in judicial neutrality requires not only that the judge be impartial in fact, but also that the judge be perceived to be impartial"). As this Court concluded in *State v. Rimmer*,

> A trial judge should recuse himself or herself whenever the judge has any doubt as to his or her ability to preside impartially or whenever his or her impartiality can reasonably be questioned. *Pannell v. State*, 71 S.W.3d 720, 725 (Tenn. Crim. App. 2001). This is an objective standard. *Alley* [*v. State*], 882 S.W.2d [810,] [ ] 820 [(Tenn. 1994)]. The *appearance* of impropriety is conceptually distinct from the subjective approach of a judge facing a possible disqualification challenge and does not depend on the judge's belief that he or she is acting properly. *See Liteky v. United States*, 510 U.S. 540, 553, n.2 [ ] (1994) ("The judge does not have to be subjectively biased or prejudiced, so long as he appears to be so."). "Thus, while a trial judge should grant a recusal whenever the judge has any doubts about his or her ability to preside impartially, recusal is also warranted when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Id.*

250 S.W.3d 12, 38 (Tenn. 2008) (emphasis added).

Based on the facts as outlined in the majority opinion, I believe this is a situation where impartiality might reasonably be questioned. Moreover, the trial court's allowing

Mr. Smith, the expert requested by the defendant, to examine the plaintiff does not alleviate the perception of impropriety created by her contacting an outside source *ex parte* and off the record.

While I acknowledge that the question of recusal is close, I have concluded that a line was crossed in this case and that the conduct in question created an appearance of impropriety. I have also concluded that communication of the type in this case wherein a trial judge has an off-the-record *ex parte* discussion with an individual whose advice could have potential impact on the trial court's decision-making process would, in most cases, create an appearance of impropriety.[3] Therefore, the trial judge should have recused herself.

For these reasons, I agree with the conclusion reached by the Court of Appeals in this case.

_____
ROGER A. PAGE, JUSTICE

---

[3] It is certainly acceptable for a trial court to consult with an expert. Tenn. Sup. Ct. R. 10, Canon 2.9(A)(2)("A judge may obtain the advice of a disinterested expert on the law applicable to a proceeding before the judge, if the judge gives notice to the parties of the person consulted and the substance of the advice, and affords the parties a reasonable opportunity to respond to the advice received."). However, this should be done on the record and with notice to and participation by the parties. The manner in which the contact was made in this case leaves an appearance of impropriety. I also note that the professor with whom the trial judge spoke was not an expert on the law.

4